UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARY ZYLEMA,

        Plaintiff,                              Hon. Ellen S. Carmody

v.                                              Case No. 1:15-CV-858

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. On February 16, 2016, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No.13).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons articulated herein, the Commissioner's decision is **vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 51 years of age on her alleged disability onset date. (PageID.164). She successfully completed high school and worked previously as a printing roller handler. (PageID.54). Plaintiff applied for benefits on December 17, 2012, alleging that she had been disabled since February 10, 2012, due to a back injury, leg injury, COPD, sleep apnea, and anxiety. (PageID.164-65, 178). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.100-62). On March 7, 2014, Plaintiff appeared before ALJ Michael Condon with testimony being offered by Plaintiff and a vocational expert. (PageID.60-97). In a written decision dated April 18, 2014, the ALJ determined that Plaintiff was not disabled. (PageID.44-56). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.34-39). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) obesity; (2) COPD; (3) multilevel degenerative disc disease with scoliosis of the lumbar spine; (4) right knee arthritis; (5) bilateral carpal tunnel syndrome; (6) right deQuervain's tenosynovitis of the wrist; and (7) generalized anxiety disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (PageID.46-49).

As for Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can lift 20 pounds occasionally and 10 pounds frequently; (2) she can stand/walk and sit for six hours each during an 8-hour workday; (3) she can occasionally balance, stoop, crouch, and climb ramps or stairs; (4) she can never kneel, crawl, or climb ladders, ropes, or scaffolds; (5) she is limited to no more than frequent forceful gripping and grasping bilaterally; (6) she should not be exposed to hazards, including unprotected heights and dangerous moving machinery; (7) she cannot operate leg or foot controls with her right lower extremity; (8) she cannot ambulate over uneven terrain; (9) she should not have concentrated exposure to temperature extremes, humidity, wetness, fumes, odors, dusts, gases, or areas of poor ventilation; and (10) she is limited to simple, routine work.  (PageID.49-50).

The ALJ found that Plaintiff cannot perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding.  *See Richardson*, 735 F.2d at 964.  While the ALJ is not required to

5

question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 41,500 jobs in the state of Michigan which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.89-94). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.  **The Treating Physician Doctrine**

On February 28, 2014, Plaintiff's treating physician, Dr. John Campbell, provided a sworn statement concerning Plaintiff's impairments and limitations. (PageID.361-64). The doctor reported that Plaintiff could lift up to 10 pounds and could walk or stand for only 1-2 hours during an 8-hour workday. (PageID.362-63). The doctor reported that Plaintiff "has deconditioning as a result of her spine abnormalities and obesity so she would have lowered endurance, meaning she would need more breaks." (PageID.363). Dr. Campbell also reported that Plaintiff required a sit-

stand option. (PageID.363). The doctor noted that Plaintiff was not a malingerer and the results of examinations and testing were consistent with her subjective complaints. (PageID.362-64). The ALJ afforded "little weight" to Dr. Campbell's opinions. (PageID.53). Plaintiff argues that she is entitled to relief because the ALJ's rationale for discounting Dr. Campbell's opinions is not supported by substantial evidence.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

In support of his decision to discount Dr. Campbell's opinions, the ALJ stated the following:

> First, claimant has not received significant treatment for her alleged disabling low back pain or arthritis of her right knee. In fact, Dr. Campbell's records do not indicate any treatment for right knee pain and no significant positive clinical findings related to her back (Exhibits 4F and 5F). Moreover, Dr. Campbell's records indicate that claimant's lungs were clear, and her hypertension and anxiety were controlled with medications (Exhibits 4F and 5F). Additionally, claimant has not required any surgical treatment. Furthermore, claimant reported she was able to care for her own personal needs, prepare meals, do laundry and dishes, perform light cleaning, drive, shop and spend time with others (Exhibit 5E).

(PageID.53).

The ALJ's rationale for discounting Dr. Campbell's opinion does not survive scrutiny and does not constitute "good reasons." The objective medical evidence indicates that Plaintiff suffers from "mild to moderate degenerative arthritis" of her right knee which does not respond to

over-the-counter medication. (PageID.259-60). Examination revealed that the pain and swelling in Plaintiff's right knee and leg increases the longer she is on her feet. (PageID.267). Thus, the opinion by Dr. Campbell that Plaintiff requires a sit-stand option and can only be on her feet for 1-2 hours daily is reasonable and the ALJ offers no good reason for rejecting such. Relatedly, the ALJ's conclusion that Plaintiff can stand/walk for six hours during an 8-hour workday *without* a sit-stand option is not supported by the evidence.

The ALJ's suggestion that Plaintiff's back impairments are not supported by the medical record is likewise unpersuasive. X-rays of Plaintiff's lumbar spine revealed scoliosis as well as moderate to severe degenerative changes at multiple levels. (PageID.359). A subsequent MRI of Plaintiff's lumbar spine revealed "spinal canal narrowing of varying degrees" as well as "severe" foraminal narrowing "at several locations." (PageID.360). Thus, Dr. Campbell's opinion that Plaintiff's ability to lift is diminished is supported by the evidence and the ALJ's rationale for rejecting such is not supported by substantial evidence.

Finally, the ALJ's reliance on Plaintiff's reported activities is insufficient. As the ALJ noted, Plaintiff reported that she prepares meals, washes dishes, washes laundry, and performs light cleaning. (PageID.217). The ALJ neglected to acknowledge, however, that Plaintiff further stated that she experiences difficulty performing these tasks in part because she cannot stand "for more than a few minutes." (PageID.217). As for the ALJ's observation that Plaintiff can drive, the ALJ failed to acknowledge Plaintiff's further statement that she does so only infrequently because doing so hurts her legs. (PageID.218-19).

In sum, the ALJ's rationale for discounting Dr. Campbell's opinions are not supported by substantial evidence. In light of the fact that the doctor's opinions are inconsistent

with the ALJ's RFC determination and the ALJ's subsequent conclusion that there exists a significant number of jobs which Plaintiff can perform consistent with her RFC, the ALJ's failure is not harmless.

## II.  Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. Evaluation of Plaintiff's claim requires the resolution of certain factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

Plaintiff argues that the Court should find her disabled pursuant to the medical-vocational guidelines, also known as the "grids," which consider four factors relevant to a particular claimant's employability: (1) residual functional capacity, (2) age, (3) education, and (4) work experience. 20 C.F.R., Part 404, Subpart P, Appendix 2. Social Security regulations provide that "[w]here the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all the criteria of a particular rule, the rule directs a

conclusion as to whether the individual is or is not disabled." 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00. In other words, a claimant may be awarded benefits if she satisfies the requirements of one of the particular rules correlating to a finding of disability. *See, e.g., Branon v. Commissioner of Social Security*, 539 Fed. Appx. 675, 679 (6th Cir., Oct. 2, 2013). However, to find Plaintiff disabled pursuant to the grids would require the Court to make factual determinations, as to such things as Plaintiff's RFC and nature of her previous work, that the Court is simply not qualified or permitted to make. Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.


Date:  December 12, 2016                                          /s/ Ellen S. Carmody
                                                                  ELLEN S. CARMODY
                                                                  United States Magistrate Judge